## JOHN H. WEBSTER *versus* JOHN R. CLARK & *al.*

Courts of equity are not tribunals for the collection of debts; and yet they afford their aid to enable creditors to obtain payment, when their legal remedies have proved to be inadequate. It is only by the exhibition of such facts, as show that these have been exhausted, that their jurisdiction attaches.

In a bill in equity, wherein the plaintiff alleges, that his judgment debtor, one of the defendants, has conveyed his real and personal estate to the others in fraud of his creditors, and seeks relief for that cause, if the bill does not allege, that the plaintiff has made a levy upon the land, or any attempt to seize and sell the goods, or that an officer has returned the execution without being able to obtain satisfaction, or such facts as show that the plaintiff has exhausted his remedy at law, the bill will be dismissed, on demurrer thereto, for want of jurisdiction.

THIS was a bill in equity against John R. Clark, Charles H. Clark and Horatio Clark, and was heard on a demurrer to the bill. The allegations in the bill are stated in the opinion of the Court.

*H. & H. Belcher* argued for the defendants, contending that the bill was insufficient, as it disclosed no ground whereon to ask any remedy of this Court, sitting as a court of equity. Every thing alleged in the bill might be true, and yet the plaintiff might have a full and adequate remedy at law. It is not alleged, that there was any levy upon the real estate said to have been fraudulently conveyed, and no return has been made upon the execution, that property of the debtor to satisfy it could not be found, nor any allegation which negatives a perfect remedy at law. Merely saying that the party has no remedy at law, is matter of form only, and is wholly insufficient to give the Court jurisdiction, without alleging such facts as show that the Court has jurisdiction as a court of equity. In their argument they cited Rev. Stat. c. 96; *Russ* v. *Wilson,* 22 Maine R. 210; *Herrick* v. *Richardson,* 11 Mass. R. 234; *Coombs* v. *Warren,* 17 Maine R. 404.

*Webster* argued *pro se.* The points made by him are given in the opinion of the Court. He cited Story's Eq. Pl. 24; *Mills* v. *Gore,* 20 Pick. 28; *Clapp* v. *Shepherd,* 23 Pick. 228; *Reed* v. *Cross,* 14 Maine R. 259; Story's Eq. Pl. 350, 365,

403, 416 ; *Pillsbury* v. *Pillsbury*, 17 Maine R. 107 ; *Hanly* v. *Sprague*, 20 Maine R. 431 ; 2 Atk. 235 ; *Trecothick* v. *Austin*, 4 Mason, 41 ; 3 Paige, 467 ; 7 Johns. Ch. R. 144 ; 1 Sim. 37 ; 2 Sim. 285 ; *Gardiner Bank* v. *Hodgdon*, 14 Maine R. 453 ; *Traip* v. *Gould*, 15 Maine R. 282 ; *Howe* v. *Ward*, 4 Greenl. 195 ; *Clapp* v. *Leatherbee*, 18 Pick. 131 ; *Parkman* v. *Welch*, 19 Pick. 231 ; 8 Wheat. 229 ; 8 Conn. R. 190 ; 2 Pick. 411 ; 1 Story's Eq. 352 ; Com. Dig. Covin, B 2.

The opinion of the Court was drawn up by

SHEPLEY J. — The facts stated in the bill, so far as they are important for the decision of the questions presented by the demurrer, may be briefly exhibited. Gibson Smith recovered a judgment against John R. Clark, in January, 1844, and assigned the same by verbal agreement to the plaintiff, to whom the execution had been delivered. Clark had before, in March, 1843, conveyed all his real and personal estate to his sons, the other defendants, in fraud of the rights of his creditors. A certain sum was paid upon the execution, which remains unsatisfied for the balance. Clark made an arrangement to make a set-off and pay it, and thereby occasioned delay and the loss of an attachment made upon the original writ, and then refused to fulfil it ; and the plaintiff has been wholly unable to collect the balance, which still remains due. The bill does not allege, that the plaintiff has made any levy upon the land, or any attempt to seize and sell the goods, or that an officer has returned the execution without being able to obtain satisfaction, or that the plaintiff has exhausted his remedy at law. For these reasons the defendants demur.

Courts of equity are not tribunals for the collection of debts ; and yet they afford their aid to enable creditors to obtain payment, when their legal remedies have proved to be inadequate. It is only by the exhibition of such facts, as show, that these have been exhausted, that their jurisdiction attaches. Hence it is, that when an attempt is made by a process in equity to reach equitable interests, choses in action, or the avails of property fraudulently conveyed, the bill should state, that judg-

ment has been obtained, and that execution has been issued, and that it has been returned by an officer without satisfaction. *Balch* v. *Wastall*, 1 P. Wms. 445; *Cuyler* v. *Moreland*, 6 Paige, 273; *Reed* v. *Wheaton*, 7 Paige, 663; *Bethell* v. *Wilson*, 1 Dev. & Bat. 610; *Woolsey* v. *Stone*, 7 J. J. Marsh. 302; *Neate* v. *The Duke of Marlborough*, 3 Mylne & Craig, 407. In the latter case, which was fully argued and considered before the vice chancellor, 9 Simon, 60, and before the lord chancellor on appeal, such was admitted to be the settled rule. While on the part of the plaintiff it was contended, that it did not require, that such a bill, seeking to obtain a debtor's equitable interest in a freehold estate should allege, that an *elegit* had been issued. The case was presented on demurrer to the bill, because it did not contain such an allegation; and the demurrer was allowed. It was held, however, not to be necessary to allege, that the writ of execution had been returned; for the reason, that by issuing the writ the creditor seeking such relief in England, had done all, which he could to establish his title without the assistance of a court of equity. But in this State, where a judgment does not create a lien upon the real estate of the debtor, the principle established in all these cases would require, that the creditor should make a levy upon the real estate of his debtor, if he would have the assistance of a court of equity to enable him to obtain satisfaction from the estate itself, which has been fraudulently conveyed, and not from the proceeds of its sale. He must first do all, which the law will enable him to do to obtain a title in the mode pointed out by the statute, and then the Court will assist him and prevent his being injured by the outstanding fraudulent title. It cannot by an original and independent course of its own, afford the means of obtaining the debt from the estate, by causing it to be sold for cash, or by requiring a conveyance of so much of it, as would pay the debt according to some estimate of its own, instead of acting only as an auxiliary to the law, to enable him to obtain satisfaction according to the provisions of the statute. *Henriques* v. *Hone*, 2 Edw. 120. While it will assist a party to make the common law remedies

successful, by vacating fraudulent conveyances, and by removing obstacles, it will not assist a party, who neglects or refuses to use them, when they might be used successfully; and supply their place by others, affording him advantages, which the law does not design to give him. When the debtor has placed his property in such a position, whether it be real or personal, that no common law process can reach it, the Court will according to the course of equity proceedings, make use of its own power and process to assist a creditor to reach such property, that it may be applied to the payments of debts.

The plaintiff contends, that this Court has afforded its aid without requiring such preliminary steps to be taken; but the cases cited for that purpose do not authorize such a conclusion. In the cases of *Gardiner Bank* v. *Wheaton*, 8 Greenl. 373, and *same* v. *Hodgdon*, 14 Maine R. 453, no such question was made. In the first case the creditor was assisted to reach the equitable interests of his debtor in real estate, when he could not reach them by a common law process. In the latter case to reach the avails of personal estate conveyed in fraud of his rights. There was a demurrer to the bill in the case of *Reed* v. *Cross*, 14 Maine R. 259, one reason for which, was, that it did not allege, that the plaintiff had obtained judgment and exhausted his remedy at law; and the demurrer was overruled. The bill, however, among other matters, sought the specific performance of a written contract for the conveyance of real estate. In *Traip* v. *Gould*, 15 Maine R. 82, the bill did allege, that the execution had been returned by an officer in part unsatisfied, and that the estate, which had before been fraudulently conveyed, had since been conveyed by the debtor to the plaintiff, thereby placing him in a position as favorable to receive the assistance of this Court, as he could have been by a levy upon the estate.

In the case of *Gordon* v. *Lowell*, 22 Maine R. 251, the bill alleges, that the execution had been returned unsatisfied. The plaintiffs had not levied upon the estate fraudulently conveyed, and the Court did not aid them, by acting upon the

title to obtain payment from the estate itself, while it did assist them to follow the proceeds obtained by a fraudulent sale, that they might be appropriated to the payment of their debt.

The Court does not appear in any of these cases to have overlooked the rule, which requires a party to do, all which the law will enable him to do, before he seeks its aid to obtain payment from some fund which he cannot reach by the ordinary process of law.

*The demurrer is allowed ;*
*and bill dismissed, with costs for defendants.*