*Hackett*, for the defendant.

---

GEORGE W. GRIFFIN & another, in equity, *vs.* WILLIAM W. NITCHER & others.

Only a judgment debtor can seek relief in equity, on the ground that real estate, paid for by his debtor, has been fraudulently conveyed to the debtor's wife.

BILL IN EQUITY.
The case is sufficiently stated in the opinion.

*E. B. Smith*, for the complainant.

I. The bill proceeds upon the ground of fraud. It only prays for injunction as incidental to general relief.

II. Nitcher never had the title, therefore levy would be nugatory. *Russell* v. *Lewis*, 2 Pick. 508. *Corey* v. *Green*, 51 Maine, 114. *Low* v. *Marco*, 53 Maine, 45. *DeBrisay* v. *Hogan*, 53 Maine, 554. If prior to any levy, Mrs. Nitcher conveyed to an innocent purchaser, for value, the creditors would be remediless. *Hartshorn* v. *Eames*, 31 Maine, 93. *Blood* v. *Wood*, 1 Met. 528. *Howe* v. *Bishop*, 3 Met. 26.

All that is required is, that complainant show he has no legal remedy; if all legal remedy has been exhausted, evidence is received to show the necessity of a resort to equity. Allegations of bill show complainant has no legal remedy, equivalent to a return of

*nulla bona.* Neither judgment nor levy is required where land has been fraudulently conveyed to wife, and husband never had any title.

Complainant is only required to show a lien upon the estate in controversy. In England, New York, and elsewhere, lien is created only by docketing a judgment against the debtor,—hence the origin of the rule requiring judgment to be obtained. A similar lien is obtained here by attachment, which is sufficient to maintain the bill. *Dodge* v. *Griswold*, 8 N. H. 428. The lien is the essential element; the judgment is simply to show the lien. *Beck* v. *Burdett*, 9 Cowen, 732; *Reed* v. *Cross*, 14 Maine, 261.

III. The bill asks that Mrs. Nitcher be restrained from conveying to any one else, pending the suit at law. This relief could not be postponed till judgment and execution against Nitcher; and if the court take jurisdiction thus far, it will determine the merits of the bill. *Stevens* v. *Williams*, 12 N. H. 246.

*Chisholm*, for the respondents.

APPLETON, C. J. The complainants, claiming to be creditors of William W. Nitcher, on 30th Oct., 1867, sued out a writ against him for the amount due, returnable at the January term, 1868, of this court for the county of York. On Nov. 1, 1867, they commenced this bill against William W. Nitcher, his wife, and other persons named therein.

The bill alleges that on Dec. 9, 1865, said Nitcher purchased of one Tibbetts certain real estate described therein, for the sum of $4500; that $2000 was paid by the money of Nitcher; that the land so purchased was conveyed to the wife of Nitcher; that the balance of the price was paid by the notes of Humphrey P. Kendrick, the brother of Mrs. Nitcher, secured by a mortgage given by her of the premises in controversy; that these transactions were fraudulent, and known to be so to all the parties thereto; and that the plaintiffs are creditors of said Nitcher, having a lien on said estate by virtue of their attachment.

The bill concludes with a prayer for an injunction "to prevent

any conveyance of said property, . . . and that the payment of the sum due the complainants may be decreed and secured out of said estate, and for an account of the sum due on the mortgage."

The complainants, when this bill was commenced, had only attempted to make an attachment on certain real estate never owned by their debtor. They had not even entered their action, and whether they ever would, was uncertain and contingent. The question, therefore, arises, whether they are in a condition to seek the equitable intervention of this court.

Courts of equity are not courts for the collection of debts. The remedies at common law must be exhausted before a party can ask their aid or assistance.

A judgment creditor, seeking to enforce his security against the debtor's equitable interest, must aver in his bill that he has previously sued out an *elegit*, and if he does not, the bill will be fatally defective. Story's Eq. Pl., § 257 a. In *Webster* v. *Clark*, 25 Maine, 313, and in *Webster* v. *Withey*, 25 Maine, 327, it was held that a creditor seeking relief by a bill in equity, on the ground that his debtor has made a fraudulent conveyance of his real estate to the defendant, must allege and show that he has acquired title to the estate by a levy upon it, and by a conveyance, or that an execution has been placed in the hands of an officer, who has made a return upon it that he could obtain no satisfaction, else he will not be entitled to relief, and his bill will be dismissed. When, as in the case at bar, the debtor never had the legal title, a levy is not required; but there must be a return of *nulla bona* to lay the foundation of a suit in equity. *Hartshorn* v. *Eames*, 31 Maine, 93. *Corey* v. *Greene*, 51 Maine, 115. *Dockray* v. *Mason*, 48 Maine, 178. In all the cases decided by this court, the complainant had obtained judgment and execution, and levied upon the estate in controversy, if the judgment debtor held the title, and if he did not, there had been a return of *nulla bona* upon the execution issued upon his judgment.

The counsel for the complainants relies upon *Dodge* v. *Griswold*, 8 N. H. 425, where it was held that a creditor, who has com-

menced a suit against a debtor, and caused real estate by him fraudulently conveyed to be attached thereon, might maintain a bill in equity to set aside such fraudulent conveyance as soon as his debtor has been defaulted in the suit against him. But in the case before us, the debtor Nitcher had not been defaulted, nor could it be known that he ever would be. This case, if it were to be regarded to be law of this State, would not avail the complainants. In giving the opinion of the court, Richardson, C. J., uses the following language. "In England and New York, where a judgment is a lien upon land, a creditor has a right to file a bill in equity to set aside fraudulent conveyances of land, as soon as he has obtained a judgment, which is a lien upon the property." . . . But "in every case, where the plaintiff in a bill in equity shows only a probability of a future title, upon an event that may never happen, he has no right to institute a suit assuming it." It assuredly might never happen that these plaintiffs would obtain judgment against their debtor by default or otherwise.

*Bill dismissed. Costs for defendants.*

CUTTING, DICKERSON, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.