PISCATAQUA F. & M. INSURANCE COMPANY and others, in equity, *vs.* WILLIAM HILL.

*Construction of Spec. Laws*, 1867, *c.* 384, *and R. S. c.* 46, § 19.   *Equity jurisdiction in cases of fraud.   Trustees.*

The trustees appointed under Special Laws of 1867, c. 384, accepting the surrender of the charter of the Piscataqua Fire and Marine Insurance Company, cannot maintain a bill in equity in their name and that of the corporation in behalf of the creditors or stockholders of the corporation as such.

In case of alleged misconduct of the corporation or its officers, creditors or stockholders must pursue their remedy in their own names.

R. S., c. 46, § 19, confers upon the court no new equity jurisdiction for the collection of debts, or in relation to injuries to the property of the corporation.

The treasurer of the corporation is not a trustee in any such sense as to give the court equity jurisdiction in controversies between him and the corporation.

When compensation in damages is the only relief that can be given in case of an alleged fraud, the court has no jurisdiction in equity.

BILL IN EQUITY by the Piscataqua Fire and Marine Insurance Company, and the trustees appointed under c. 384 of the Special Laws of 1867 against the defendant, heard on demurrer to the bill.

The bill purports to be brought by the plaintiffs in behalf of the creditors, and in their capacity as trustees. It alleges that the defendant was treasurer and a director of the corporation from 1860 to the time of the surrender of its charter; that the company was, and for a long time had been insolvent; that the defendant was a stockholder and received dividends and interest on his stock; that other parties named, not resident in this State, were stockholders, and received interest and dividends on their stock, having deposited collateral securities therefor; that it was the defendant's duty as treasurer, to take care of and administer faithfully the funds of the company; that he had not done so, but had illegally surrendered to such stockholders their securities in whole or in part, and had illegally converted others to his own use; that the defendant had received dividends on his stock when he knew the company was insolvent; that he had illegally sold to the company a large amount of stock and received payment therefor, when he knew the company was insolvent; that he had converted to his own use the funds of the company in pretended payment of company notes to him, which the bill alleges to have been illegal, without consideration, and void; and that the defendant had committed a variety of acts, set out in detail, done by virtue of contracts with the company, which the bill alleges were illegal, fraudulent, and void. The bill also seeks a discovery from the defendant as to the amount and nature of the property held by him for the company, and of his indebtedness to the company.

*E. B. Smith,* for plaintiff.

The complainants found these proceedings upon a fraudulent breach of trust by the respondent in his capacity as treasurer of the Piscataqua Fire and Marine Insurance Company, and as a director.

Two parties were injured by Hill's acts, the stockholders and the creditors.

Both of these parties are now, in a measure, represented by the trustees appointed under the provisions of c. 384 of the Special Laws of 1867.

By this act the existence of the corporation is continued for the purposes of having its affairs wound up by the trustees according to R. S., c. 46, §§ 19 and 20.

Although these trustees represent both stockholders and creditors, whose interests are distinct, and after the funds come into the hands of the receivers, will become antagonistic, yet in obtaining these funds from him who illegally withholds them, these complainants have a common interest which is identical.

Therefore it is that c. 46, § 19, provides that either a stockholder or a creditor, indifferently, may apply for the appointment of trustees. Over all proceedings by said trustees in discharge of their trust, this court has jurisdiction as a court of equity, c. 46, § 19. Hence, when this bill was brought, the company still having its existence, though a qualified one, and its interest and that of the creditors being identical, and adverse to Hill in the same respect and throughout, it was not only proper but even necessary that these parties should be joined as complainants in the bill.

Properly all persons or corporations should be made parties who have an interest in the property in dispute. Calvert on Parties in Eq., 123. Story's Eq. Pl., § 72 et seq. and cases passim. That is to say, all who have an interest in the object of the suit. Story's Eq. Pl., § 72.

Or in 'the event of the suit,' Williams v. Russell, 19 Pick. 165. Or as said in Fitch v. Creighton, 'in the principal matter in controversy.' 24 Howard, 164.

Hence the supreme court of the United States have held that both the trustee and the cestuis que trust must be made party to a bill to subject the property to the provisions of the trust deed. McRea v. Branch Bk., 19 Howard, 376.

So the court of New Hampshire declares it a general rule that all who are to be affected, either immediately or consequentially, by the decree, should be made party to the bill. Busby v. Littlefield, 11 Foster, 193.

Piscataqua Fire and Marine Insurance Company *v.* Hill.

The special act of 1867, c. 384, is an assignment of the assets and effects of the company for the payment of its debts, and the surplus, if any, reverts to the stockholders who constitute it. Now the court of Massachusetts holds, that to a bill brought by the assignee of a chose in action the assignor is a necessary party ' if there remain any right to be affected by the decree.' *Montague* v. *Lobdell*, 11 Cush. 111.

The capital stock of the company was a trust-fund for the payment of losses and expenses. Not only was it pledged to creditors for these purposes, but its officers were responsible to the stockholders that it should be so applied. *Wood* v. *Dummer*, 3 Mason, 308 ; *Baker* v. *Bank*, 9 Met. 192 ; *Koehler* v. *The Black River Co.*, 2 Black. 715 ; *New Albany* v. *Burke*, 11 Wallace, 106.

And any stockholder might have applied by bill in equity to this court, but for the appointment of the complainants as trustees. *Dodge* v. *Wolsey*, 18 Howard, 331 ; *Brewer* v. *Boston Theatre*, 104 Mass. 378.

That a creditor could maintain a bill to obtain payment of his debt from any property fraudulently conveyed to Hill, individually, by Hill, the treasurer, is too plain for argument.

Certainly, then, these trustees who represent all the creditors and all the stockholders, and who, in their official capacity, are proceeding to discharge their trust under the suspension of this court in equity, R. S., c. 46, § 19, can properly file this bill.

If the parties be those that ought to appear on the record in this cause, the case made by the bill is one of clear equity jurisdiction, not merely under the provisions of R. S., c. 46, § 19, but upon the general principles of equity jurisdiction and practice.

The defendant was treasurer of the company, and held its funds in trust, but he converted them to his own use.

The pretended sale by the defendant of the stock to the company at par was a fraud, which gives the court jurisdiction in equity.

*Davis & Drummond*, for the respondent.

DANFORTH, J.   This case comes up on demurrer, and many objections are made to the form and substance of the bill, most of which appear to be well founded.   If, however, that which relates to the jurisdiction of the court is sustained, it will be unnecessary to consider the others.

It appears by c. 384 of the private and special acts of 1867, that a surrender of the charter of the plaintiff company was accepted by the legislature and its affairs were to be ' wound up in the manner provided in sections nineteen and twenty of chapter forty-six of the Revised Statutes, and the organization of the company shall continue for the purposes provided for in said sections.'

The several individuals named as plaintiffs were appointed trustees under the sections referred to.   Their powers and duties as defined in § 19, are simply ' to take charge of its estate and effects, with power to collect its debts, and to prosecute and defend suits at law.'   The·corporation ceases for the purpose of business, and the trustees in its place, and with its rights, are to perform such acts as are necessary to close up its affairs.   They represent the corporation alone and not its creditors or stockholders.   The creditors or stockholders can have no legal interest in the property involved in this suit.   A recovery may increase the general fund for the payment of debts or distribution, but the property, if recovered, is still that of the corporation legally as well as equitably.   The claims of the creditors and of the stockholders, if they have any, are in the first instance against the corporation, and they have no other except as provided by law.   If the conduct of the corporation, its officers, or stockholders, has been such as to give other remedies to the creditors, such may properly be pursued in their own names.   So far as their rights are in question they must be vindicated by themselves and not by others in their behalf.   The same is true of the stockholders.   *Ken. & Port. R. R. Co.* v. *Port. & Ken. R. R. Co.*, 54 Maine, 181 ; *Peabody* v. *Flint*, 6 Allen, 52 ; *Brewer* v. *Boston Theatre*, 104 Mass. 378.

And the act of 1867, c. 384, above referred to reserves both to the creditors and stockholders all the rights they previously had,

and retains for them the same remedies before existing. There is, then, no occasion for the plaintiffs to represent the creditors or stockholders in this or any other process; nor can the bill be sustained on any such ground.

Neither does the provision in § 19 give the court jurisdiction in this case. That refers to the proceedings of the trustees in settling up the affairs of the corporation. It does not, nor does it purport to give new remedies for the collection of debts, or for injuries to property already committed. Nor is the treasurer a trustee in any such sense as to give equity jurisdiction. True, he holds an office of trust, but he does not hold the property as trustee. He is a mere depositary and has no interest in, or title to, the property whatever. *Pettingill* v. *Androscoggin R. R. Co.*, 51 Maine, 370; *Sprague* v. *Steam Nav. Co.* 52 Maine, 592.

The only other foundation claimed for the bill is that of fraud. In most, if not all the acts of the defendant complained of, it is alleged in the bill that he not only claimed to have, but did have the authority of the company or its officers. True, it is said, this authority was invalid, not because fraudulently obtained, but because it was fraudulently given. Not that either party was deceived, but that the two parties conspired to cheat others. Under such facts it is difficult to see how the plaintiff corporation can have any rights under a fraud to which it was a party, or how the trustees, representing that corporation, can have any greater rights. Such a fraud may lay the foundation for a new remedy for the creditor or stockholder, but certainly not for such as are guilty of the wrong.

But passing that, the statute gives this court equity jurisdiction 'for relief in cases of fraud.' Assuming the fraud to exist as alleged in the bill, what relief can this court give. There is no contract obtained by fraud from which the plaintiffs ask to be released, none which they ask to have the defendant perform. There is no allegation in the bill showing that the defendant has, by false reprerentation or deceit obtained from the plaintiffs any specific piece of property they would have restored. There is no danger impending, no obstacles in the path of the plaintiffs, to be removed. The

wrong and injury have all been done. As the plaintiffs' counsel well says, 'The whole substance of the bill is a complaint against William Hill, defendant, for breach of trust as treasurer.' That breach, as the bill shows, is a failure on his part, with or without the assent of the directors, to account for the property and funds intrusted to him, and in his disposal of them to others, or conversion of them to his own use. The wrong is fully accomplished, and the only relief now to be obtained is compensation as damages. For this there is a full and adequate remedy at law. Such is never decreed by a court of equity ' only as incidental to other relief sought by the bill, and granted by the court.' Story's Eq. Jurisp., §§ 794 to 799.

No other relief is sought here.        *Bill dismissed with costs.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON, and BARROWS, JJ., concurred.