## Beck *et al. versus* Parker.

1. A voluntary assignment for the benefit of creditors does not depend for its validity on any statute.

2. The acts to regulate such assignments are no part of the insolvent laws.

3. Such assignments are not contrary to the spirit of the Bankrupt Law.

4. No acts of an assignor after the assignment can invalidate it or be evidence from which fraud in fact can be inferred.

5. If a conveyance is not fraudulent when made, it cannot be made fraudulent by any matter *ex post facto.*

April 1st 1870. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ. READ, J., at Nisi Prius.

Error to the Court of Common Pleas of *Lycoming county:* No. 196, to January Term 1870.

This was a feigned issue under the Sheriff's Interpleader Act, in which James O. Parker was plaintiff and claimant, and Samuel M. Beck and others, trading as Beck, Brother & Co., were defendants.

On the 23d of September 1869, the Becks brought an action of assumpsit and filed a statement of their claim against Harford J. Perkins, on whom the writ was served the same day. On the 11th of October, H. J. Perkins made an assignment for the benefit of

[Beck v. Parker.]

his creditors to James O. Perkins. On the 13th of October, the Becks obtained judgment against H. J. Perkins for $1058.48, and on the same day issued a fi. fa., on which the property assigned was levied on. The assignee claimed the goods and on the application of the sheriff, a feigned issue was directed October 18th.

On the trial before Gamble, P. J., the plaintiff gave the assignment in evidence and closed.

The defendants then called J. J. Guthrie, and in five several offers proposed to prove that in pursuance of an agreement made *before* the assignment, the assignor had, by an assignment *made after* the assignment for the benefit of creditors, but *dated* before it, transferred to the witness and other creditors certain parts of his property in payment of their debts, for the purpose of giving them preferences, and that therefore the assignment was in fraud of his creditors. All the offers were rejected and bills of exceptions sealed.

The defendants requested the court to charge:—

1. That the Act of Congress, approved March 2d 1867, and known as the Bankrupt Law, as soon as it went into operation *ipso facto* suspended all action upon future cases arising under the insolvent laws of this state. That as the assignment in this case was made since the passage of said Act of Congress, and as H. J. Perkins, the assignor, is amenable to the provisions of said act, the assignment so made by him is void, and the verdict must be for the defendants.

2. That as the assignment of H. J. Perkins to the plaintiff is of all his estate, real, personal and mixed, and as it states that he is unable to pay his debts, the Bankrupt law is directly applicable to to the said Perkins, and to his assets, and the said act renders said assignment absolutely void, and the verdict must be for the defendants.

The court (Gamble P. J.) refused the points. The verdict was for the plaintiff.

The defendants took out a writ of error and assigned the rejection of their offers of evidence and the refusal of their points, for error.

*H. C. Parsons* and *R. P. Allen*, for plaintiffs in error.—As to the points cited Golden v. Prince, 3 Wash. C. C. R. 313; Sturgis v. Crowninshield, 4 Wheat. 122; Ogden v. Saunders, 12 Id. 273; 1 Kent's Com. 390, 391; Maris v. Duron, 1 Brewster's R. 429; Eames' Case, 2 Story's R. 322; Griswold v. Pratt, 9 Metcalf (Mass.) 163; Parsons on Contracts 445; Story on the Constitution 1107; Bankrupt Act of March 2d 1867.

*W. H. Armstrong* and *S. Linn*, for defendants in error: cited Ziegenfuss's Case, 2 Iredell's Law Rep. 463; Langley v. Perry,

[Beck *v.* Parker.]

W. S. C. C. Southern District of Ohio, 8 Am. Law Register 427; Sedgwick *v.* Place, 1 Bankrupt Register 204; Hawkins' Appeal, 8 Am. Law Register 205; Pellman *v.* Hart, 1 Barr 263.

The opinion of the court was delivered, May 5th 1870, by

SHARSWOOD, J.—The important question which has been agitated, whether the enactment of a uniform law on the subject of bankruptcy by the Congress of the United States *ipso facto* suspends the operation of the insolvent laws of the different states, does not arise in this case. A voluntary assignment, by a debtor in failing circumstances, to a trustee, for the benefit of creditors, does not depend for its validity upon any statute, and the Acts of Assembly which have been passed to regulate it, which require it to be recorded, which compel the assignee to file an inventory and appraisement, and to give security, and which provide for the settlement of his accounts and the distribution of the assets, are no parts of the insolvent laws. The effect of such assignment is not to discharge the assignor from his debts, or to relieve him from liability to imprisonment, except incidentally under the act providing for the abolishment of imprisonment for debt. Where no preference is given—and none can be effectually given under our Act of April 17th 1843, Pamph. L. 273, except for the payment of wages of labor—such assignments secure the equal distribution of all the property of a debtor *pro rata* among his creditors, and are not contrary to the spirit of the Bankrupt Act. To hold them to be void in a contest with execution-creditors, would be to give preferences, instead of preventing them. The answers of the learned judge below to the defendants' points were therefore correct.

The remaining assignments of error complain of the rejection of five several offers of evidence by the defendants, all of which, however, depend upon the same principle. It was proposed to prove that in pursuance of an understanding or promise before the assignment, the assignor had, after its date, fraudulently executed and antedated an agreement to deliver to one of his creditors certain articles of property, which had passed under the assignment, and had actually delivered them as a preference or security for his indebtedness. It was not offered to show that the assignee was any party to this fraud, and surely no acts of the assignor, after the assignment, can invalidate it, or afford any evidence from which fraud in fact can be legitimately inferred. When a conveyance is not fraudulent at the time of the making of it, it shall never be said to be fraudulent for any matter *ex post facto*, Shepp. Touchst. 67. The agreement and delivery proposed to be proved, were clearly of no avail to accomplish the object alleged to have been intended. These offers, therefore, were rightfully rejected.

Judgment affirmed.