Bowker *v.* Hill.

ALBERT BOWKER, *scire facias, vs.* WILLIAM HILL.

By c. 384 of the Special Laws of 1867, the charter of the Piscataqua Fire and Marine Insurance Company was repealed, and the existence of the Company terminated.

By the operation of that act and of c. 46 of the R. S. (1857), all attachments in cases against that company, pending when that act took effect, were dissolved.

The treasurer of a corporation cannot be charged as its trustee for funds held by him officially.

Nor can he be charged as trustee for such funds pledged to him to secure an indebtment of the company to him.

An alleged trustee cannot be charged for promissory notes and stocks pledged to secure them, originally given to the principal defendant, and afterwards transferred to him; and § 52 of c. 81 of the R. S. (1857) does not apply in such a case.

An alleged trustee is not chargeable for city and railroad bonds held by him, belonging to the principal defendant.

If an alleged trustee does not disclose in the original action, he is liable to costs on *scire facias*, although the attachment is dissolved before judgment is recovered in the original action.

SCIRE FACIAS against the defendant as trustee of the Piscataqua Fire and Marine Insurance Company. The plaintiff discontinued as to Ricker.

The facts sufficiently appear in the opinion.

*Putnam* and *E. B. Smith*, for plaintiff.

*Davis & Drummond*, for defendant

Contended (*inter alia*), that, as the attachment was dissolved in the original action before judgment, there was no necessity for any disclosure, and the defendant is not liable to costs on *scire facias*, but is entitled to recover costs. The statute giving costs in *scire facias* against a trustee who did not disclose in the original case, is limited to those cases in which he is finally discharged on examination. R. S., c. 86, § 71. If he prevails on any other ground, he is entitled to cost as the prevailing party.

APPLETON, C. J. *Scire facias* against the defendant, as the alleged trustee of the Piscataqua Fire and Marine Insurance Company. The plaintiff discontinued his suit against Ricker, and the only question presented relates to the liability of Hill.

The original process was served on the defendant June 8, 1866.

The charter of the Piscataqua Fire and Marine Insurance Company was surrendered, and the surrender accepted by an act approved Feb. 28, 1867, c. 384.

Judgment was rendered against the principal and trustee at the April term, 1868, in this county, and a demand was seasonably made upon the trustee.

The defendant was not examined, and did not disclose on the original suit. By R. S. 1857, c. 86, § 7, on *scire facias*, in such case 'he may be examined as he might have been in the original suit, and if on such examination, he appears not chargeable, the court shall render judgment against him for costs only,' &c.

If he had been examined, the court by § 87 may permit him to be examined anew, 'and he may then prove any matter proper for his defense ; and the court may enter such judgment as law and justice require, upon the whole matter appearing on such examination and trial.'

The rights of the defendant are the same, save as to costs, as if he had been examined in the original suit.

By the act approved Feb. 28, 1867, c. 384, § 1, the affairs of the company were to 'be wound up in the manner provided in sections nineteen and twenty of chapter forty-six of the Revised Statutes, and the corporation shall continue for the purposes provided for in said sections,' etc.

By R. S. c. 46, § 19, 'when the charter of a corporation expires or is terminated' the court may appoint trustees. This was done and the affairs of the company are in the charge of trustees.

By R. S., c. 46, § 20, 'The debts of the corporation are to be paid in full by such trustees, when the funds are sufficient ; when not ratably to those creditors who prove their debts, as the law provides, or as the court directs.'

By the act of 1867, c. 384, § 2, 'Actions pending against said company when trustees are appointed as provided in said sections, may be discontinued, without payment of costs, or continued, tried, and judgment rendered as in other cases; actions may be also maintained upon claims disallowed in whole or part by the trustees, and all judgments shall be satisfied in the same manner as other claims against the company are satisfied by the trustees.'

In short, all claims, whether in judgment or not, are to be paid ratably. The trustees are to collect the debts and dispose of the assets of the corporation and then make a ratable division of the same. The effect of all this is a dissolution of existing and pending attachments. The attachment of the plaintiff was dissolved when the corporate existence of the insurance company was terminated.

By R. S., c. 46, § 17, 'acts of incorporation passed since March 17, 1831, are liable to be amended, altered, or repealed by the legislature, as if express provision therefor was made in them, unless they contain an express limitation,' etc.

All persons dealing with the insurance companies are bound to know the general laws of the State, and are presumed to contract with reference thereto. The repeal is conclusive upon the corporation. The creditors of the corporation are bound by the repeal and its legitimate consequences. 'Indeed,' remarks Tenney, J., in *Read* v. *Frankfort Bank*, 23 Maine, 318, 'it is not seen how any objection can be taken by those who had no other connection therewith than that of being creditors. Whoever entered into contracts with it, exposed himself to losses which might arise from its dissolution, as he would with natural persons, by their death. No security was provided by the charter or any other statute against such an exposure to injury.' This decision was affirmed in *Whitman* v. *Cox*, 26 Maine, 335.

The attachment of the plaintiff having been legally dissolved by the termination of the corporate existence of the insurance company, the plaintiff thereby lost any lien he might have acquired by his original attachment.

But upon examination, it will be perceived that in no event could the trustee be charged. He was the treasurer of the corporation, and so far as he held its funds officially, he is not chargeable. As treasurer, he holds the funds of the corporation. The funds are held by the corporation through its treasurer. It is the only way the corporation can hold its funds, by its appropriate officers. *Pettingill* v. *Androscoggin R. R. Co.*, 50 Maine, 379. *Sprague* v. *Steam Navigation Co.*, 52 Maine, 592.

It is admitted by plaintiff's counsel, that on the day of the service of the trustee process on the defendant, the corporation owed him absolutely $25,003.43, and that he was liable, in addition, for the corporation for $35,527.50, as indorser for which he held collateral security, and that he had $35,836.00. But the cash in hand, after deducting the absolute indebtedness, was held by him as treasurer, for which he cannot be charged as trustee.

For funds in his hands, rightfully received in payment of the indebtedness of the company to him, the trustee could not be charged.

The defendant held as collateral a large amount of notes due to and deposited with him by the corporation as security for his claims against the same. These notes, so deposited, were secured by mortgage or by pledge of stock. The insurance company transferred the notes thus secured, with the pledges held by them, to the defendant to indemnify him for his claims against the company whether as indorser or otherwise.

The notes thus transferred to the defendant by the insurance company were the principal. The bank, railroad, and other stock were collateral thereto, and must abide the fate of the principal. Now notes and bonds are not attachable, nor can they be sold on execution. The defendant cannot be held as trustee on account of them.

Neither is the defendant chargeable within the provisions of R. S., c. 86, § 52. The principal defendant in the original suit, the insurance company, was not the owner of the collateral security given to secure the notes due them. The company held the col-

lateral as pledgee.   The collateral security could not be sold as their property, for their interest was not absolute.   If the amount for which they were pledged to the defendant should be paid him by the plaintiff, he would have no right to sell.   The collateral would still be liable to redemption by the several pledgors, whose notes it was given to secure.

The interests of the several original pledgors to the insurance company in the bonds or stock by them pledged, cannot be seized and sold, for there is no suit against them.   The interests of the original pledgees, the insurance company, are not attachable and could not be sold on execution against the corporation.

A large portion of the collaterals consisted in city and railroad bonds, for which the defendant could in no event be charged as trustee. *Smith* v. *Kennebec & Portland R. R. Co.*, 45 Maine, 547.

*Defendant discharged as trustee.*

*Execution to issue against him for costs.*

KENT, J., concurred; and WALTON, BARROWS, and DANFORTH JJ., concurred in the result.