## BOWKER v. HILL.[1]

### (Circuit Court, D. Maine. September 5, 1879.)

#### No. 58.

**1. CORPORATIONS—DISSOLUTION—ACTIONS AGAINST OFFICERS AND STOCKHOLDERS—PARTIES.**

Trustees of a dissolved corporation can only pursue such claims against third persons, such as its officers and stockholders, as are of a general nature, accruing to all the creditors,—as, for example, general assessments on the shares of stock, or at least such as accrue to a distinct class of creditors; and if the remedy depends on the equities of particular creditors, or upon the date when their claims were contracted, they must necessarily enforce their own rights.

**2. SAME—RECOVERY OF DIVIDENDS IMPROPERLY PAID—JURISDICTION OF FEDERAL COURTS.**

Rev. St. Me. 1857, c. 46, § 34, giving judgment creditors of a corporation a bill in equity in the supreme judicial court of the state to reach dividends improperly paid, was not intended to exclude the jurisdiction of a federal circuit court, where the allegation as to the citizenship of the parties was sufficient to give the latter jurisdiction.

**3. SAME—LIMITATIONS.**

The cause of action given by Rev. St. Me. 1857, c. 46. § 34, does not accrue until execution against the corporation is returned nulla bona, and limitations do not run until such time.

### In Equity.

Bill in equity alleging that the Piscataqua Fire & Marine Insurance Company was duly incorporated by certain statutes of Maine, originally as a mutual company; that afterwards a provision was made for a guaranty capital; that in 1865 the plaintiff insured his steamer Russia with the com-

---

[1] This case has not been heretofore reported, and is now published in this series, so as to include therein all circuit and district court cases which have been inadvertently omitted from the Federal Reporter or the Federal

pany in the sum of $5,000, and that the vessel was totally lost, of which due notice and proof was given to the company; that the loss has not been paid; that in 1866 the plaintiff brought an action against the company, and April 4, 1868, recovered judgment for $5,016.44 debt and $82.77 costs; that execution issued thereon April 8, 1868, and was placed in the hands of a deputy sheriff, who on the 8th of July, 1868, returned the same, wholly unsatisfied, and no part thereof has been paid; that by an act of the legislature of Maine approved February 28, 1867, the charter of the company was surrendered, and trustees were afterwards appointed by the supreme judicial court to wind up the affairs of the company, but that the trustees had no funds with which to pay the plaintiff's judgment. The bill charged that the company, before its dissolution, made an unlawful distribution of its property to the defendant Hill, who was a stockholder and treasurer of said company, and paid him dividends on his stock, when the company, to his knowledge, was insolvent; that in 1866 the company being insolvent to the knowledge of the defendant, he surrendered and canceled a large number of shares held by him, and received instead thereof property of the company specifically described in the bill; that in the same year the company transferred to the defendant choses in action and assets belonging to them (specifically described) to the value of about $94,000, as security for a debt of $59,000; and that he has received from said assets more than enough to pay his debt. The prayer was for satisfaction of the plaintiff's judgment from the property so divided, transferred and delivered to said Hill, or from the proceeds thereof, and for general relief. The trustees of the company were made parties to the bill. The trustees answered, admitting their appointment, and that there were no assets in their hands with which to satisfy the plaintiff's judgment, and, as to the other matters, averred their ignorance. The defendant Hill demurred.

Edwin B. Smith and William L. Putnam, for complainant.
Cornelius Sweetser and John Q. Scamman, for respondents.
Drummond & Scamman and Rufus Tapley, for trustees.

LOWELL, District Judge. This bill is founded on the general equity of creditors to reach and apply dividends made to stockholders when the corporation is insolvent, on the equity to reach corporate assets fraudulently concealed, and on Rev. St. Me. 1857, c. 46, § 34, giving a judgment creditor a bill in equity in the supreme judicial court to reach dividends improperly paid. In so far as the allegations are that the defendant Hill is indebted to the corporation itself, I am much inclined to think the objection is well taken that the trustees are the only persons who can bring him to an account. It has been held by many respectable courts that, if the trustees or assignees of a bankrupt will not interpose, the creditors themselves may file a bill. But this notion has been entirely exploded in England, and at the last session of the supreme court the English law was followed. It is undoubtedly a sound proposition that the assignees have the sole right to prosecute demands against third persons; and, if they will not do so, the remedy is either to have them removed, or to obtain leave to file a bill in their name. Glenny v. Langdon, 98 U. S. 20, 25 L. Ed. 43; Rochfort v. Battersby, 2 H. L. Cas. 388; Beck v. Parker, 65 Pa. 262, 3 Am. Rep. 625; Cook v. Rogers, 31 Mich. 391; Tanqueray v. Bowles, L. R. 14 Eq. 151; Collins v. Burton, 4 De Gex & J. 612. The creditors may sometimes bring a bill against the assignees and others to compel the assignees to get in assets due from the other defendants. Davis v. Newton, 6 Metc. (Mass.) 537. But when it comes to special remedies against third persons, such as

the officers and stockholders of a company, the assignees can only pursue those claims which are of a general nature,—that is, which accrue to all the creditors (as, for example, general assessments on the shares, or at least such as accrue to a distinct class of creditors); and therefore if the recovery depends on the equities of particular creditors, or upon the date when their debts were contracted, etc., those creditors must necessarily enforce their own special rights. See Wall v. Balcom, 9 Gray, 92; Ex parte Sheen, 6 Ch. Div. 235; Bristol v. Sanford, 12 Blatchf. 341, Fed. Cas. No. 1,893; Dutcher v. Bank, 12 Blatchf. 435, Fed. Cas. No. 4,203.

In the case of this corporation, the act of 1867, accepting the surrender of the charter, was not as broad as many bankrupt laws are, and it expressly reserved and excepted special remedies against officers and stockholders; and the supreme judicial court dismissed a bill brought by the trustees against this defendant to recover some of the quasi assets for which this suit is instituted, on the very ground that the rights of creditors against stockholders and officers were untouched by the surrender, and must be prosecuted by the creditors themselves. Insurance Co. v. Hill, 60 Me. 178. Enough in value of special assets of this character are shown by the bill to save it from being demurrable on this ground. That the defendant's remedies at law are inadequate is shown by the allegations of bill, and by Bowker v. Hill, Id. 172.

I have no doubt that this court has jurisdiction of a bill under Rev. St. Me. 1857, c. 46, § 34, when the allegation of the citizenship of the parties is sufficient. That statute gives a remedy by bill, and very properly fixes the tribunal; but it does not intend to say that the United States, or a citizen of another state, may not sue in the circuit court.

The question whether the bill was filed too late depends upon whether the cause of action accrued before the return of nulla bona. This is the question, because the suggestion of laches, which might, in equity, shorten the time of limitation, is met by the proof which is contained in the reports of the state court, that the plaintiff and the trustees for him and others tried to attain the result by a different mode of proceeding. Bowker v. Hill, 60 Me. 172; Insurance Co. v. Hill, Id. 178. The statute of limitations of the state, though not binding proprio vigore upon this court sitting in equity (that is, though not positively adopted by any statute of the United States, as it has been adopted in respect to actions at law), is yet equally binding upon the conscience of the court in ordinary suits between party and party. Bank v. Daniel, 12 Pet. 32, 9 L. Ed. 989; Knox v. Gye, L. R. 5 H. L. 656.

I find that the plaintiff had the right to issue execution and try to levy it before bringing this suit, and therefore his bill is seasonable. The distinctions between those cases in which an execution must be sued out, simply, and those in which it must be both sued out and returned unsatisfied, before bill is filed, may be somewhat nice, in some jurisdictions. I understand the general rule in Maine to be that the execution must be returned unsatisfied before a bill will lie. Webster v. Clark, 25 Me. 313; Webster v. Withey, Id.

326; Griffin v. Nitcher, 57 Me. 270; Howe v. Whitney, 66 Me. 17. And more especially I find that this statute is to be so construed. The original act (St. 1848, c. 64, § 2) expressly required the bill to contain an allegation that the judgment remained unsatisfied by reason of the plaintiff's inability to find corporate property wherewith to satisfy the same. The Revised Statutes are much more condensed in phraseology, but there is no reason to suppose that the law was intended to be changed; and, as the remedy is given only to judgment creditors, I apprehend the section to mean that the judgments must remain unsatisfied, notwithstanding an attempt to reach corporate property. It is true that the corporate property was in the possession and charge of the trustees, and that the form of trying to levy an execution became a mere form; but, considering the strictness with which statutory forms are often required to be followed, I am by no means sure that if this form had been neglected the defendant might not have objected, with effect, that the plaintiff had not brought himself within the category of the statute. In the case of McKay v. Hill (decided in this court by Shepley and Fox, JJ., in Sept. term, 1870) Fed. Cas. No. 8,845, I find, by a copy of the able and careful opinion of Judge Fox, that the court passed upon some of the principal points of this case, and held this defendant liable to the then plaintiff under another section of the same statute, giving an action at law to judgment creditors in certain cases. There all the forms of the statute appear to have been followed, and the court sustained the action; deciding, among other things, that this chapter of the Revised Statutes was a re-enactment, and not intended as an alteration, of the act of 1848.

It does not appear by the bill that there are any other judgment creditors of the corporation, and on demurrer the court is not bound to take that fact for granted, and therefore it is not necessary now to decide whether the decree must be for the benefit of all. See Ogilvie v. Insurance Co., 22 How. 380, 16 L. Ed. 349; Marsh v. Burroughs, 1 Woods, 463, Fed. Cas. No. 9,112; Hendricks v. Robinson, 2 Johns. Ch. 283; and other cases cited by the plaintiff.

My order, therefore, must be: Demurrer overruled.