W. R. SNYDER ET AL. v. F. I. DANGLER.

FILED APRIL 4, 1895.    No. 6125.

</div>

1. **Fraudulent Conveyances:** SALES: CHANGE OF POSSESSION. Where a sale of goods is not followed by an actual and continued change of possession, the presumption is that the sale was made with the intention of hindering, delaying, or defrauding creditors of the vendor, and in a contest with such creditors

the burden is on the vendee to prove that he purchased in good faith and for value.

2. ——: ——: ——: BURDEN OF PROOF. Therefore, where there was evidence in a contest between a vendee and creditors of the vendor tending to show that there had been no change of possession, it was error to instruct the jury that the burden of proof was on the creditors to establish fraud.

3. ——. A conveyance of goods for the purpose, on the part of the vendor known to the vendee, of hindering, delaying, or defrauding creditors is void as to such creditors, even though the vendor be not insolvent.

4. ——. All persons who were creditors of the vendor at any time while the goods remained in his possession or under his control are within the protection of the statute against fraudulent conveyances.

ERROR from the district court of Adams county. Tried below before BEALL, J.

*B. F. Smith*, for plaintiffs in error, cited: *Claffin v. Rosenberg*, 42 Mo., 439; *Mills v. Thompson*, 72 Mo., 367; *Wilhoyte v. Udell*, 9 So. Rep [Ala.], 550; *Runge v. Brown*, 23 Neb., 817; *Gilbert v. Merriam & Roberson Saddlery Co.*, 26 Neb., 194; *Bowie v. Spaids*, 26 Neb., 635.

*Papps & Stevens*, contra, cited: *Clark v. White*, 12 Pet. [U. S.], 178; *Conord v. Nicoll*, 4 Pet. [U. S.], 291; *Levan's Appeal*, 112 Pa. St., 294; *Dodge v. Masten*, 17 Fed. Rep., 660; *Densmore v. Tomer*, 11 Neb., 118; *Clemens v. Brillhart*, 17 Neb., 238; *Ahlman v. Meyer*, 19 Neb., 63; *Stephenson v. Ravencroft*, 25 Neb., 678.

IRVINE, C.

Dangler brought this action against Snyder for the conversion of a stock of merchandise. Snyder answered alleging the recovery by Myers & Herzog, Dolan, Drewery & Co., and Burnham, Bauer & Co. of judgments against Hattie R. Hollingsworth; and that Snyder, as constable, had levied executions issued on these judgments on the prop-

erty in question as the property of Hattie R. Hollings-
worth and had sold the property under such executions.
He denied that Dangler was the owner, and alleged that
Hattie Hollingsworth was the owner at the time of the
levy. Afterwards the judgment creditors were admitted
to defend, and they answered in the same manner, except
that they specially pleaded that the claim of the plaintiff
was made for the purpose of hindering, delaying, and
cheating the creditors of Hollingsworth. The reply was
a general denial. There was a verdict and judgment for
the plaintiff. The only assignments calling for notice re-
late to the instructions.

The theory of the plaintiff was that he had purchased the
goods of Hollingsworth in good faith and for value. The
theory of the defendants was that the pretended purchase
was made for the purpose of defrauding Hollingsworth's
creditors. There was evidence tending to show that prior
to the sale relied upon by plaintiff, plaintiff had been in
charge of the goods as the agent of Hollingsworth; that Hol-
lingsworth's name was on a sign over the door; that after
the purchase by plaintiff he remained in possession appar-
ently in the same manner as before; that the sign was not
removed or changed and that there was no visible or actual
change in possession. On this state of the evidence the
court, after stating the issues, instructed the jury as fol-
lows:

"You are instructed by the court that it is incumbent
upon the plaintiff to prove by a fair preponderance of the
evidence that he was the owner of the goods described in
this case at the time said goods were levied upon by the
said Snyder, and it is incumbent upon the plaintiff to prove
by a fair preponderance of the facts all of the material alle-
gations made in his petition.

" The court further instructs the jury that there being a
general denial filed to the answer of the defendant in this
case, that it is incumbent upon the defendants in this case

to show by a fair preponderance of the evidence that the purchase of and the transfer of the goods in question by H. R. Hollingsworth to the plaintiff was made by the said H. R. Hollingsworth with the intention of hindering, delaying, and defrauding her creditors, and that the plaintiff was cognizant of such intention, and had notice and knowledge thereof.

" 2. The court instructs the jury in this case that the law does not prevent a man from selling or in anywise disposing of his property, although he may be insolvent, and the mere fact of the transfer may tend to delay or hinder his creditors will not, alone, render the same fraudulent. The power of the debtor to sell his property implies a corresponding right of another to purchase, and insolvency does not vitiate the transfer, and when a transfer is made for a valuable consideration there must not only be a fraudulent intention on the part of the debtor, but there must also be a participation in that intention on the part of the purchaser.   And if you find in this case that at the time of the sale of the goods described in the petition to the plaintiff by H. R. Hollingsworth that she was insolvent, the mere insolvency of the said H. R. Hollingsworth at that time will not render the sale fraudulent, unless you find that the sale was made by H. R. Hollingsworth with the intention to defraud, hinder, or delay her creditors, and that the plaintiff in this action, at the time he purchased said goods, had notice or knowledge of said indebtedness and insolvency and intention; and unless you so find, your finding will be for the plaintiff in this action showing the amount of his judgment and what the evidence shows the goods in the petition were worth at the time they were taken, with seven per cent interest thereon from the time of taking the same, if you find they were taken by the defendant as charged."

" 5. The court further instructs the jury in this case that the burden of proving fraud is upon the defendants in

this case, and that fraud is never presumed, and that un-
less the defendants by a fair preponderance of the evidence
establish the fact that H. R. Hollingsworth sold the prop-
erty described in the petition to the plaintiff with the in-
tention of hindering, delaying, and defrauding her credit-
ors, and that the plaintiff had knowledge or notice of such
facts that would put a man of ordinary intelligence upon
inquiry that would lead to notice, you will find for the
plaintiff.

"Instruction No. 1, asked for by the defendants in the
case below.   'The court instructs the jury that if you find
that H. R. Hollingsworth was the owner of the goods in
question, and that F. I. Dangler was in charge of them
from April 1, 1891, to the 17th day of August, 1891, as
her agent, and the jury further finds that after the 17th
day of August, 1891, until the goods were taken by the
constable September 7, 1891, the goods remained in the
same place and there was no change of possession by
any acts that would give notice to outsiders of such
change, such as a change of the sign and visible acts of
ownership, other than that which was exercised before
Dangler claimed the goods, and the jury finds that Dang-
ler had notice of the existence of debts against Hattie
R. Hollingsworth, then Dangler was not a *bona fide* pur-
chaser without notice, and he cannot recover against the
*bona fide* creditors of Hattie R. Hollingsworth, who had
levied executions upon the goods.'

"Modified by the court: 'Unless he, Dangler, proves
that he paid a valuable consideration for said stock of
goods, and that he purchased it in good faith without in-
tent to hinder and delay the creditors in the collection of
their debts.'"

All these instructions were requested by the parties and
no other material instructions were given.   There could be
no doubt that instructions 1, 2, and 5, standing alone, would
be erroneous as applied to this case, although they may be

correct statements of the law in the abstract.    The burden
was in the first place on the plaintiff to establish his owner-
ship of the goods as the jury was told in the first instruc-
tion; but this burden was satisfied by proving a sale in fact,
and then, if an actual and continued change in possession
had been established, the burden would devolve upon the
defendants, as stated elsewhere in instructions 1, 2, and 5,
to prove a fraudulent intent and a participation therein by
plaintiff.    But there being evidence that no change in pos-
session had taken place, if the jury found that such was
the fact, the burden would remain upon the plaintiff to es-
tablish that he purchased for value and in good faith.
(Compiled Statutes, ch. 32, sec. 11; *Robinson v. Uhl,* 6
Neb., 238; *Densmore v. Tomer,* 11 Neb., 118; *Densmore v.
Tomer,* 14 Neb., 392.)   In view of the evidence as to pos-
session the instructions referred to which were requested
by the plaintiff were, therefore, misleading, because the
jury would infer that, regardless of the facts relating to
possession, the burden was on the defendants to establish
fraud.    The modification of the instruction asked by the
defendants we do not think cured the error.    This modifi-
cation implies a correct statement as to the burden of proof,
but only by the use of the language "unless he, Dangler,
proves," etc., whereas the first instruction and the fifth
requested by the plaintiff stated clearly that fraud must be
established by a fair preponderance of the evidence.    The
court nowhere distinguished the rules in regard to the bur-
den of proof as depending on the fact of possession, and
the instructions when taken as a whole, instead of helping
one another out and comprising a correct statement of the
law, were confusing and misleading.    The case illustrates
the fact that the trial judge should assume the duty of
himself preparing instructions covering the law of the case
and not depend entirely upon instructions requested by the
parties, which will seldom alone afford a systematic and
logical statement of the law.

The defendant in error seeks to avoid the effect of the instructions by urging that the plaintiff was in any view entitled to a verdict, because it was not shown that Hollingsworth was insolvent. This is immaterial. The statute makes all conveyances of goods or things in action void as against creditors when made with the intent of hindering, delaying, or defrauding creditors. (Compiled Statutes, ch. 32, sec. 17.) It is the intent with which the conveyance is made, and not the fact that it necessarily operates to defraud creditors, which avoids it.

It is also urged that the defendants were not creditors within the meaning of the statute. The proof shows they were creditors before the sale and during the whole time intervening between the sale and the levy. They were, therefore, within the protection of the law. (Compiled Statutes, ch. 32, sec. 12; *Densmore v. Tomer*, 14 Neb., 392.)

REVERSED AND REMANDED.