### HOBBS MFG. CO. v. GOODING et al.

(Circuit Court, D. Massachusetts. June 1, 1908.)

No. 448.

COURTS—JURISDICTION OF FEDERAL COURTS—ANCILLARY SUITS.

A federal court, which has rendered a judgment in favor of a plaintiff in a suit within its jurisdiction, has jurisdiction of a creditor's bill filed by the plaintiff to set aside fraudulent conveyances of property by defendant which prevent the collection of such judgment as ancillary to the first suit, without regard to the citizenship of the parties.

[Ed. Note.—Supplementary and ancillary proceedings and relief in federal courts, see note to Toledo, St. L. & K. C. R. Co. v. Continental Trust Co., 36 C. C. A. 195.]

In Equity. On motion to dismiss for want of jurisdiction.

Edward S. Beach, for complainant.

Elder & Whitman, for defendant Sarah E. Glazier.

C. F. Weed and A. H. Weed, for defendants Geo. W. Glazier, Mary F. Lord, Charles C. Briggs, John C. Metcalf, Flora A. Tyler, J. C. Metcalf Paper Box Machine Co., George L. Metcalf Wood & Paper Box Company, and Levi C. Wade.

Wm. A. Macleod, for defendant George P. Dike.

Raymond T. Parke, for defendants Eugene H. Taylor and George E. Gooding.

Charles Warren, for defendant John T. Robinson Company.

LOWELL, Circuit Judge. The complainant, a citizen of Massachusetts, brought a bill in equity (hereinafter called the first bill) to restrain the infringement of a patent, and obtained a final decree for

the payment of the sum of $15,000. Execution was taken out thereupon, and the officer's return was as follows:

"Pursuant hereunto I, on the 7th day of February, 1908, attached one (1) share of capital stock of the John T. Robinson Company, Massachusetts corporation, standing in the name of the within-named Eugene H. Taylor, and on the same day and at the same time I attached one (1) share of stock in the said John T. Robinson Company standing in the name of the within-named George E. Gooding, and I have given in hand to J. Albert Robinson, treasurer and clerk of said corporation, at Hyde Park, a true and attested copy of this execution for both Gooding and Taylor, and so much of my return indorsed thereon as relates to the attachment of said stocks. I also made search for any property belonging to the within-named defendants in Lynn, Salem, and Hyde Park, and was unable to find any. Therefore I return this execution into court unsatisfied.

"J. H. Waters, Deputy U. S. Marshal."

Thereupon the complainant brought a bill (hereinafter called the second bill), setting out the facts above stated, and alleging that sundry defendants to the first bill had conveyed their property for the purpose of defrauding the complainant creditor. The second bill prayed that the conveyances be set aside, and that the execution be satisfied. Some of the alleged fraudulent grantees, being citizens of Massachusetts, and others being citizens of other states, were made parties to the second bill. Some of the defendants to the second bill have moved to dismiss it, upon the ground that this court is without jurisdiction thereof, inasmuch as the complainant and some of the defendants are alike citizens of Massachusetts.

The first bill, which sought the protection of patent rights, was properly brought in the Circuit Court, inasmuch as it raised a federal question. Considered by itself, the second bill now before the court is substantially an ordinary creditor's bill, and raises no federal question. The complainant contends, however, that the court has jurisdiction of this creditor's bill, inasmuch as it is ancillary or supplemental to the first bill to restrain infringement. The complainant urges that diversity of citizenship is therefore not necessary to sustain this court's jurisdiction.

Most of the cases cited by the complainant fail to support the jurisdiction of the court. They show merely that the federal court is not without jurisdiction of an ancillary or supplemental bill to revive an original bill, to restrain a suit pending in the same court, to modify a decree or judgment therein, to dispose of a res in the court's possession, and the like. They give no support to the proposition that, because a federal court has obtained jurisdiction of a controversy in which the complainant holds an unsatisfied execution for damages, the court has therefore jurisdiction of a creditor's bill to satisfy this execution by reaching property which has been conveyed by the defendant in fraud of his creditors. To take jurisdiction of the case at bar involves the right to entertain such a bill in every case.

But in Dewey v. West Fairmont Gas Co., 123 U. S. 329, 8 Sup. Ct. 148, 31 L. Ed. 179, the Supreme Court sustained federal jurisdiction in a case like that at bar. The record and briefs in that case have been examined. A., a citizen of New York, brought an action against B., a citizen of West Virginia, alleging that B., as vendee, refused

to carry out a contract of sale. The cause was removed into the Circuit Court of the United States. B. thereupon filed a bill in equity in that court, alleging that the goods delivered did not come up to sample, seeking damages, praying an injunction against further proceedings at law, and further praying that A.'s assets, fraudulently assigned to C., might be subjected to the payment of B.'s claim. C. war a citizen of West Virginia, and objected to the jurisdiction of the court, inasmuch as there was no diversity of citizenship between B. and C. The Supreme Court sustained the jurisdiction, however, and observed:

"The suit in equity was an exercise of jurisdiction on the part of the Circuit Court ancillary to that which it had already acquired in the action at law, which it might well entertain according to the rule adjudged in Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145, and Pacific Railroad Co. v. Missouri Pacific Railway Co., 111 U. S. 505, 4 Sup. Ct. 583, 28 L. Ed. 498." Dewey v. West Fairmont Gas Co., 123 U. S. 333, 8 Sup. Ct. 148, 31 L. Ed. 179.

See Home Ins. Co. v. Virginia-Carolina Chemical Co. (C. C.) 109 Fed. 681, 687; Virginia-Carolina Chemical Co. v. Home Ins. Co., 113 Fed. 1, 3, 51 C. C. A. 21.

The Dewey Case was referred to in Campbell v. Golden Cycle Mining Co., 141 Fed. 610, 613, 73 C. C. A. 260, decided by the Circuit Court of Appeals for the Eighth Circuit, to sustain the proposition that:

"A party to an action at law may successfully exhibit a dependent bill to avoid fraudulent conveyances made to prevent the collection of his claim from his debtor, who was a party to the original action."

Moreover, in White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67, the Supreme Court referred to the Dewey Case to support the proposition that a federal court, having appointed receiver of a corporation under a creditor's bill founded upon diversity of citizenship, thereby acquired jurisdiction of all suits brought by the receiver to collect the corporate assets, irrespective of the citizenship of the parties. The last-mentioned case extends far the application of the doctrine for which the complainant contends.

In Minnesota Co. v. St. Paul Co., 2 Wall. 609, 633, 17 L. Ed. 886, the Supreme Court said:

"But we think that the question is not whether the proceeding is supplemental and ancillary or is independent and original, in the sense of the rules of equity pleading, but whether it is supplemental and ancillary or is to be considered entirely new and original, in the sense which this court has sanctioned with reference to the line which divides the jurisdiction of the federal courts from that of the state courts. No one, for instance, would hesitate to say that, according to the English chancery practice, a bill to enjoin a judgment at law is an original bill in the chancery sense of the word. Yet this court has decided many times that when a bill is filed in the Circuit Court, to enjoin a judgment of that court, it is not to be considered as an original bill, but as a continuation of the proceeding at law."

It has been argued that the second bill cannot be taken to be ancillary to the first, because a final decree has been entered in the first bill, and so it is completely disposed of; but here a final decree in the first bill is necessarily a condition precedent to the filing of the second,

and, in other cases where the later bill has been deemed ancillary, the first bill has first been completely disposed of. Upon the whole, though with considerable doubt, I am of the opinion that the second bill, so called, is ancillary to the first, and that this court has jurisdiction to entertain it.

Having decided that the controversy here presented is within its jurisdiction, the court must next consider the particular defenses and objections raised by the several defendants. Their several motions to dismiss for want of jurisdiction are denied. In so far as these motions are not based exclusively upon a lack of federal jurisdiction, they cannot now be considered, inasmuch as the special appearance of the several defendants limits them to this defense. It is not to be supposed that they intend the other objections which they make to the bill as having the effect of a general appearance, and so of a waiver of their objections to the jurisdiction. The demurrers of some of the defendants styled "special demurrers" are not confined to jurisdictional matters, and so cannot be considered under a special appearance. These observations dispose of the case as presented at the hearing.

Ordered: All motions to dismiss for want of jurisdiction denied.