H. C. COOK CO. v. BEECHER et al.

(Circuit Court, D. Connecticut. June 29, 1909.)

No. 731.

COURTS (§§ 264, 290, 307*)—JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION.

An action, by the owner of a judgment recovered against a corporation for infringement of a patent, to charge directors of such corporation with payment of the judgment on the ground that they were joint trespassers with the corporation, is not within the jurisdiction of the federal court as one arising under the patent laws, nor as ancillary to the former suit; and unless there is diversity of citizenship such court is without jurisdiction.

[Ed. Note.—For other cases, see Courts, Dec. Dig. §§ 264, 290, 307.*

Jurisdiction in cases involving federal question, see note to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purchasing Co. v. Boston & M. C. C. & S. Mining Co., 35 C. C. A. 7.]

At Law.

Verence Munger, for plaintiff.
Edward A. Harriman, for defendants.

PLATT, District Judge. The plaintiff had a patent suit in this court against the Little River Manufacturing Company. The defendants were the directors of the company during all the time that case was pending. Upon a proper showing they could have been made codefendants in that suit. A strenuous effort was made to bring them in by amendment at the last moment, which was refused, because it came too late.

In the somewhat elaborate complaint now under discussion the plaintiff rehearses the story about the patent litigation and then goes on to allege that the defendants were joint trespassers with the Little River Manufacturing Company in respect of the infringing acts set forth in the former litigation and for which judgment went against the corporation. For that reason he insists that they ought to pay that judgment. His theory seems to be that, because the directors and the corporation were joint trespassers, they must all be jointly responsible for the damages found to have resulted from the trespass charged against one of them alone.

However that may be, it is very clear that the nature of the trespass is not material to the present litigation. The only questions to be litigated are: (1) Does the plaintiff own the judgment? (2) Were the corporation and the directors joint trespassers as alleged? (3) If they were, what is the situation now in respect of the judgment as to four of them about whom the plaintiff remained silent in the patent litigation?

The details of that litigation add nothing to the strength of the complaint. The plaintiff could as well have started with the fact that it had title to the judgment obtained in that litigation and then followed with the rest of its complaint, which sets up new matter, and may or may not set forth a cause of action. To put the matter in a nutshell:

The plaintiff has a judgment for something near $12,000 damages for infringement of a patent. That is over and done with. The corporation is insolvent, and the plaintiff wishes the directors to pay that judgment. This is new matter, and is purely a question of law and fact, growing out of the relationship between the corporation and its directors, and is in no sense of the word a patent case. All the parties interested are citizens of Connecticut. The whole matter is one over which the courts of the state have exclusive jurisdiction, and which it would seem intrusive for this court to attempt to touch.

Plaintiff urges the rule that judgment against one joint trespasser without full satisfaction is no bar to a suit against another for the same trespass. Lovejoy v. Murray, 3 Wall. 1, 18 L. Ed. 129. The fault in his logic is that this complaint is not a suit against the directors for the infringement of the patent. It is a suit to recover from these defendants, as joint trespassers, the fruits of the infringing acts of their original joint trespasser the Little River Manufacturing Company. Neither the validity of the patent nor its infringement is put in issue by the complaint.

Plaintiff urges that the title to the patent is at issue. I cannot agree with him. The title to the judgment under the patent is undoubtedly at issue; but it is of no importance whether the plaintiff now owns the patent or not. He may have sold the patent and retained the right to recover the judgment obtained for a trespass upon his rights when he did own it.

The plaintiff's other point is that the suit is in the nature of an ancillary action, and that the court has jurisdiction to enforce payment of the judgment described in the complaint. The trouble with that argument is that this suit is not in the nature of an ancillary action. The plaintiff sought ancillary relief when it asked permission to amend its bill in the original litigation. This court then had jurisdiction, and in the exercise of its best discretion refused the relief. The plaintiff was then told that it had a right to pursue its rights in a new suit. The refusal to permit the amendment was acquiesced in by the plaintiff, and with its eyes open it proceeded to take judgment against the corporation alone. With the entry of that judgment the jurisdiction of the court over these parties as litigants in a patent suit ended. It cannot be revived in the way suggested.

It is fair to say, in conclusion, that the defendants have not raised the question of jurisdiction. The responsibility for the action herein ordered rests entirely upon my shoulders. The jurisdictional defect is obvious upon the face of the papers, and action has been taken at the first opportunity offered.

Let the complaint be dismissed for lack of jurisdiction.