## H. C. COOK COMPANY v. BEECHER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF CONNECTICUT.

No. 659. Submitted March 14, 1910.—Decided May 16, 1910.

An action on a judgment obtained in a patent case is not itself a suit
upon a patent, and the Circuit Court, in the absence of diverse citi-
zenship, does not have jurisdiction thereof; and so held in regard to
an action against directors of an insolvent corporation to make them
personally responsible for a judgment recovered in the United States
Circuit Court for damages for infringing Letters Patent; nor in this
case can the complaint be construed as making such defendants
joint tort-feasors with the corporation in infringing the patent so as
to confer jurisdiction on the court.

THE facts are stated in the opinion.

*Mr. Verenice Munger* for plaintiff in error.

*Mr. Talcott H. Russell* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This case comes here on the single question of the juris-
diction of the Circuit Court, certified from the court below.
172 Fed. Rep. 166. The judge dismissed the complaint of his
own motion, and the defendants in error confine themselves
to the suggestion that for that reason the judgment should
be reversed at the cost of the plaintiff in error, concurring in
the argument that the judgment was wrong. As we are of
opinion that the judgment was right it will be unnecessary
to consider that point.

The suit is brought by a Connecticut corporation against
residents of Connecticut. We give an abridgment of the com-

plaint. . The plaintiff is the owner of a patent for fingernail clippers. The defendants during the time of the acts complained of were directors in control of another Connecticut corporation, The Little River Manufacturing Company. This company infringed the patent, and the plaintiff brought a suit in equity against it in the same Circuit Court, which ended in a decree for an injunction, $12,871 damages and $496.35 costs. The defendants voted to continue the sale of the infringing clipper pending the suit, and also voted and caused to be executed a bond of indemnity from their company to the selling agent against liability for the sale. As directors and as individuals they authorized and brought about such sales, and they directed the defense of the equity suit. In consequence of the expenditures to the foregoing ends their company became and is insolvent, and the defendants knew that that would be the result of a judgment against it, but did the acts alleged for the purpose of increasing the value of their stock in the company, and of receiving the profits and dividends that might be received from the sale.

The plaintiff's argument is that the defendants and their corporation were joint tort-feasors, and that this is a suit against the defendants for their part in infringing its patent, the judgment against their co-trespasser not having been satisfied. It is unnecessary to speculate whether this is an afterthought or whether the complaint was framed with intentional ambiguity, so that if one cause of action failed another might be extracted from the allegations, or what the explanation may be. But the present interpretation is not the natural interpretation of the complaint. The natural interpretation is that which was given to it by the court below; that it is an attempt to make the defendants answerable for the judgment already obtained. There was no other reason for alleging that judgment with such detail, while on the other hand the patent now supposed to be the foundation of the claim is not set forth. The judge was fully warranted in taking this not to be a suit upon a patent. Indeed it would seem

from his opinion that one of the grounds of jurisdiction urged before him was that this is an action ancillary to the judgment in the former suit, which of course it is not, any more than *Stillman* v. *Combe*, 197 U. S. 436; but the argument recognized that the former judgment was the foundation of the present case. Apart from that contention, there can be no question that, as the judge below said, if the directors are under obligations by Connecticut law to pay a judgment against their corporation, that is not a matter that can be litigated between citizens of the same State in the Circuit Court of the United States. The only argument attempted here is that which we have stated and have decided not to be open on the complaint.

*Judgment affirmed.*