### GILLESPIE v. RIGGS et al.

(Circuit Court of Appeals, Fourth Circuit. October 1, 1918.)

No. 1636.

1. FRAUDULENT CONVEYANCES ☞241(3)—EQUITABLE RELIEF.
   A simple contract creditor, who has no lien or security of any kind, and who asserts no right to subject any specific property to the payment of his debt, cannot invoke the aid of equity for the collection of his claim, and is not entitled to have conveyances by his debtors set aside on the theory that they were made to hinder.

2. COURTS ☞366(1)—PRECEDENTS—STATE DECISIONS.
   The decisions of the highest state court, interpreting the local statutes, are binding on the federal courts.

3. CREDITORS' SUIT ☞32—EXECUTORS AND ADMINISTRATORS' ☞535—FRAUDULENT CONVEYANCES ☞221—SURETIES—JUDGMENT AGAINST PRINCIPAL—RESTRAINING CONVEYANCE.
   In West Virginia, a judgment against an executor is only prima facie evidence of liability of the sureties on the executor's bond, so a legatee, securing judgment, cannot maintain a bill against sureties on the bond to restrain them from conveying their property, or to set aside their conveyances as in fraud of creditors.

Appeal from the District Court of the United States for the Northern District of West Virginia, at Parkersburg; Alston G. Dayton, Judge.

Bill by John J. Gillespie against Caleb B. Riggs and others. From a decree dismissing the bill (248 Fed. 843), complainant appeals. Affirmed.

See, also, 241 Fed. 311, 154 C. C. A. 191.

Thomas P. Jacobs, of New Martinsville, W. Va., and David F. Pugh, of Columbus, Ohio (McCoy & Swiger, of Sistersville, W. Va., on the brief), for appellant.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Charles E. Hogg, of Point Pleasant, W. Va. (Olin C. Carter and C. B. Riggle, both of Middlebourne, W. Va., on the brief), for appellees.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

KNAPP, Circuit Judge. The appellant, John J. Gillespie, plaintiff below and hereinafter so called, is the sole heir at law and sole legatee under the will of his father, William H. Gillespie, who died in 1897, and whose executor is the defendant Walter R. Smith. In August, 1914, in a suit brought for an accounting in the circuit court of Tyler county, W. Va., plaintiff recovered a judgment against the executor for some $36,000, besides costs. Execution was issued soon afterwards and returned unsatisfied, and the judgment remains wholly unpaid. The sureties on the executor's bond were not made parties to this suit, and there is no judgment against them.

In October, 1914, plaintiff brought in the court below an action at law against the surviving sureties, six in number, and they set up in defense that he had released one of them in 1909, and that all were thereby discharged. Thereupon he instituted a suit in equity to cancel this release, on the ground that it has been procured by fraud, and to enjoin its use as a defense in the law action. Answer of denial was filed, the case tried, and a decree entered in March, 1916, releasing the surety in question from liability, and enjoining the use of the release, except to secure to the other defendants credit for such sum as the released surety would be liable for, if he had not been released. The law action remains pending and untried.

In April, 1916, this suit was commenced. The bill of complaint, after reciting at length the facts above summarized, sets out in detail various transfers of real estate by certain of the defendants, sureties on the executor's bond, which transfers they are alleged to have made for the purpose of hindering, delaying, and defrauding the plaintiff, and of evading their liability as such sureties. It is not alleged that these defendants are insolvent, or that they have not other property sufficient to discharge the obligation. The relief prayed for is in substance a cancellation of the transfers already made, and an injunction against further transfers by the surety defendants. On their motion the bill was dismissed for want of jurisdiction, and plaintiff appeals.

[1] It is beyond question that a mere contract creditor, who has no lien or security of any kind, and who asserts no right to subject any specific property to the payment of his debt, cannot invoke the aid of equity for the collection of his claim. The principle is broadly declared by the Supreme Court in Hollins v. Brierfield C. & I. Co., 150 U. S. 371, 378, 14 Sup. Ct. 127, 128, 37 L. Ed. 1113, as follows:

"The plaintiffs were simple contract creditors of the company, their claims had not been reduced to judgment, and they had no express lien by mortgage, trust deed, or otherwise. It is the settled law of this court that such creditors cannot come into a court of equity to obtain the seizure of the property of their debtor, and its application to the satisfaction of their claims; and this, notwithstanding a statute of the state may authorize such a proceeding in the courts of the state. The line of demarcation between

equitable and legal remedies in the federal courts cannot be obliterated by state legislation. Scott v. Neely, 140 U. S. 106 [11 Sup. Ct. 712, 35 L. Ed. 358]; Cates v. Allen, 149 U. S. 451 [13 Sup. Ct. 883, 37 L. Ed. 804]."

[2, 3] This being so, it is manifest that no case is here made for equitable cognizance, unless the status of plaintiff, as respects the surety defendants, is quite different from that of a contract creditor. His contention is that the decree he got against the executor is binding on the sureties, although they were not parties to the suit, and therefore he is entitled to the same relief as though he had a judgment against them. His whole argument rests on that proposition. But obviously the decree is not binding on the sureties in any absolute sense. Plaintiff has no lien on their property and no right of seizure and sale under execution. The most that can be claimed for the decree is that it is competent evidence against the defendants in the law action (Stovall v. Banks, 77 U. S. [10 Wall.] 583, 19 L. Ed. 1036), and that it makes a prima facie case against them in that action (Crim v. England, 46 W. Va. 480, 33 S. E. 310, 76 Am. St. Rep. 826). In the last-named case it was said:

"The general law is that a judgment against an administrator or executor for a debt, or a decree for a balance in his hands, is conclusive upon the sureties in his bond, though they are not parties. * * * But in the Virginias it is not conclusive, but only prima facie. State v. Nutter, 44 W. Va. 385 [30 S. E. 67]; 1 Lomax, Ex'rs, 331; Hobson v. Yancey. 2 Grat. [Va.] 73; Craddock v. Turner, 6 Leigh. [Va.] 116. I am of opinion that the finding of assets in the administrator's hands is not conclusive. but prima facie, because of a peculiar Virginia statute found in Code 1891, c. 85, § 24, that no executor or surety shall be chargeable beyond assets by reason of any omission or mistake in pleading, and may offer any defense admissible in an action against the executor suggesting a devastavit. I think it is that which makes the difference between our law and the general rule."

Accepting this construction of the West Virginia statute by the highest court of that state, as we are bound to do, it must be held that the decree in question is at most only prima facie evidence of the liability of the sureties, and that they are at liberty to set up in the law action any defenses which were available to the executor in the original suit. It is certainly conceivable that some of their defenses may overcome, in whole or in part, the prima facie case made by the decree, and that plaintiff may not succeed in getting a judgment against them. Nevertheless he asks a court of equity to restrain the defendants from disposing of their property, on which he has no lien or specific claim, in order that he may be able to collect the judgment he expects to get in the pending law action to which, notwithstanding their adverse pleas, he alleges they have no defense. We are persuaded that the case made by him comes under no recognized head of equity jurisprudence, and that his bill was properly dismissed under the authority of Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712, 35 L. Ed. 358, Cates v. Allen, 149 U. S. 452, 13 Sup. Ct. 883, 37 L. Ed. 804, Hollins v. Brierfield C. & I. Co., supra, and Davis v. Hayden, recently decided by us, 238 Fed. 734, 151 C. C. A. 584.

Affirmed.