BANK OF COMMERCE & TRUSTS OF RICHMOND, VA., v. McARTHUR
et al.

(Circuit Court of Appeals, Fifth Circuit.   February 27, 1919.)

No. 3289.

1. FRAUDULENT CONVEYANCES ⬤⟳241(5)—REMEDY OF CREDITOR—CONDITIONS
PRECEDENT.
 A creditor, to maintain a suit to set aside fraudulent transfers by debt-
 or and subject the property, need not have judgment at law and execution
 returned unsatisfied in that jurisdiction; he showing that he had ex-
 hausted his legal remedies by recovering judgment, on which execution
 was returned unsatisfied, in the only jurisdiction in which process could
 be served on the debtor.

2. FRAUDULENT CONVEYANCES ⬤⟳255(3)—SUIT TO AVOID—NECESSARY PARTIES.
 Judgment debtor, having no longer any interest in property fraudu-
 lently transferred by him, is not a necessary party to suit by judgment
 creditor to set aside the transfer and subject the property to the judgment.

Appeal from the District Court of the United States for the South-
ern District of Florida; Rhydon M. Call, Judge.

Suit by the Bank of Commerce & Trusts of Richmond, Va., against
Adam McArthur and others. Bill dismissed (248 Fed. 138), and com-
plainant appeals. Reversed.

E. J. L'Engle and M. H. Long, both of Jacksonville, Fla. (J. Craw-
ford Biggs, of Raleigh, N. C., on the brief), for appellant.

H. L. Anderson, of Jacksonville, Fla., and H. M. Hampton, of Ocala,
Fla., for appellees.

Before WALKER and BATTS, Circuit Judges, and GRUBB, Dis-
trict Judge.

WALKER, Circuit Judge. This is an appeal from a decree dismiss-
ing, on motions of the appellees Walter Ray and N. G. Wade, a bill of
complaint filed against them and others by the appellant, Bank of Com-
merce & Trusts of Richmond, Va. The dismissed bill, which was
filed September 29, 1916, disclosed the following, among other, facts:

On or before October 1, 1912, Adam McArthur, J. Sprunt Newton,
and W. M. Walker, by written indorsement, guaranteed $100,000 of
the bonds of the Newton-McArthur Lumber Company, a North Caro-
lina corporation, which bonds became the property of the appellant.
In an action on some of those bonds brought in September, 1913, in
the United States District Court for the Eastern District of North
Carolina by the appellant against Adam McArthur, Newton, and Walk-
er, who reside in North Carolina, judgment was rendered against them
in the sum of $7,082.32. In another action brought in the same court
in March, 1914, by the appellant against the same parties on other
bonds of the same issue, judgment was rendered on June 13, 1914, for
the sum of $80,000, with interest thereon from October 1, 1913. Ex-
ecutions were duly issued on the two judgments. Under the execution
issued on the $7,082.32 judgment, all of Adam McArthur's personal

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

property, subject to levy, which could be found by the marshal, was sold, and the net amount of $163.12 was realized and applied on that judgment. The sum of $56.81 was realized on the execution issued on the $80,000 judgment; the net proceeds, $4.99, being applied on that judgment. Before the institution of the suits in which the two judgments mentioned were rendered, all the property of the Newton-McArthur Lumber Company had been put in the hands of a receiver. By proceedings in the receivership suit, all the property of that company, with an exception to be stated, was converted into cash, and the net amount realized, $27,500, was applied on the above-mentioned $80,000 judgment. The only other assets of that company are two claims, upon which suits have been brought, and $1,500 cash in the hands of the receiver. Not more than $7,500 can be realized in any event on the claims in suit. In a suit instituted in a North Carolina court by the appellant and other creditors of Adam McArthur, all his real estate which could be subjected to the payment of his debts was placed in the hands of a receiver. A judgment in favor of a creditor other than the appellant constitutes a first lien on that real estate. That real estate is greatly less in value than the amounts remaining unpaid on the above-mentioned judgments in favor of the appellant. Adam McArthur, J. Sprunt Newton, and W. M. Walker are named as defendants. The averments of the bill show that all three of them reside in North Carolina, and that there is no one in Florida the service of process upon whom would bind either of them. Each of them is wholly insolvent. Formerly, and while the debts on which the appellant recovered judgments in North Carolina were in existence, Adam McArthur had sundry items of property in Florida. That property was acquired from him by defendants, who live in Florida, and upon whom process in this suit has been served. It was so disposed of that Adam McArthur ceased to have any interest in it. But the dispositions of it were made under such circumstances as to be invalid against the creditors of such former owner.

[1] The averments of the bill bring the case within an exception to the general rule that to maintain a creditors' bill there must first have been a judgment at law and execution thereon returned unsatisfied in the jurisdiction in which such bill is filed. A creditor sufficiently shows that he has no adequate remedy at law, in the jurisdiction in which he seeks equitable relief, when he discloses the impossibility of obtaining in that jurisdiction a judgment at law against the debtor, and that the only remedies at law anywhere available have been exhausted without satisfying the demand asserted. The averments of the bill show that the appellant had exhausted the legal remedies available to it. It recovered judgments against the debtors in the only jurisdiction in which process could be served upon them, and executions on those judgments have been returned unsatisfied. Because of the absence from Florida of Adam McArthur, that not being the state of his residence, an action at law on the North Carolina judgments against him could not be maintained in Florida, as service on him of process in such action could not be had. By no action at law could the creditor have reached and subjected the property in Florida which the debtor

had transferred. Where a creditor invokes the aid of a court of equity to set aside transfers by the debtor of his property in fraud of the creditor, and to subject transferred property in which the debtor no longer has any beneficial interest, and shows that it is impossible to obtain a judgment at law against the debtor within the jurisdiction where the suit in equity is brought, nothing more is required to show that the creditor has no plain, adequate, and complete remedy at law. A creditor so situated is entitled to resort to a court of equity. National Tube Works v. Ballou, 146 U. S. 517, 13 Sup. Ct. 165, 36 L. Ed. 1070; Case v. Beauregard, 101 U. S. 688, 25 L. Ed. 1004; Williams v. Adler-Goldman Commission Co., 227 Fed. 374, 142 C. C. A. 70; Hardware Co. v. Driggs, 13 App. D. C. 272; N. T. Bank v. Wetmore, 124 N. Y. 241, 26 N. E. 548.

[2] In behalf of the appellees it is contended that the dismissal of the bill is sustainable on the ground stated in the decree, namely:

"That the defendants Adam McArthur, J. Sprunt Newton, and W. M. Walker are necessary parties to this cause, and that they are not citizens or residents of the state of Florida, and not subject to the process of this court, and cannot be subjected to the jurisdiction thereof by personal or constructive service."

The property sought to be subjected to the satisfaction of the appellant's demands is the above referred to Florida property which formerly belonged to Adam McArthur, and was transferred by him as above stated. Under the averments of the bill, that former owner of the property in question no longer has any interest in it. He has no such interest in the subject of the suit as requires that he be made a party to it. He would not be prejudiced or affected by a decree subjecting the property in question to the satisfaction of the appellant's demands. The attacked transfers and conveyances are binding as between him and his transferees or grantees, the resident defendants proceeded against. The averments of the bill show that those transfers are not binding upon the appellant, the transferror's creditor. Relief sought could be granted without affecting either of the three nonresidents who were named as defendants. As to them, the suit can be abated, and it may then be prosecuted against the resident defendants. No one of the three named nonresidents is an indispensable party to the suit.

The court erred in dismissing the bill. Its decree to that effect is reversed.